Ruffin, C. J.
 

 There is no express provision of the act, that the party grieved shall not sue sooner than a year. We think-it could not have been meant, for it would often compel the person injured to give up part of his damages, since he dare not sue before the year ended,
 
 *195
 
 aticl lie might not know the precise time of its ending, so as to sue .at the exact day. Besides, if we suppose the nuisance to be abated by the party himself, who erected it, before the expiration of a year, all remedy would be taken aw.ay, upon this construction of the act; which .is altogether inadmissible. The provisions in the 14th and 15th sections, which limit the operation of the verdict and judgment to “ one year’s damage preceding the filing of the petition,” do not restrain a person from suing within a year after the cause of action arose ; but restrain the jury from giving damages for more than one year before suit brought, although the injury may be of longer standing. It is in the nature of a statute of limitation, which was indispensable, as applied to the new remedy introduced by the act. For, the act of 1715 applied only to actions ou the case for the nuisance ; and, if there had been no restrictive clause of this kind, the juries must have gone back to an indefinite period, which would have defeated the whole policy of the act. It is not, indeed, precisely a statute of limitation, to be pleaded, and passed, on by the jury; for as the proceeding- is merely an enquiry of damages on the premises, and the jury, has not the aid of the Court, no other duty is im • posed on them, than simply to assess the damages, and, since there could be no plea of this matter for the jury, the act imperatively confines their enquiry to the one year previous — it being the plaintiff’s folly to wait longer, and it being the intent of tbe Legislature to encourage the building of mills and factories. But to deny an action for a year after an injury, is an anomaly in jurisprudence, which only express words or a very clear intention of the Legislature would justify the Court in holding. On the contrary, the law favors diligence. • If it be said, that a year mig;ht be useful to the estimation of the extent of the injury, the answer is, that the plaintiff may judge of that risk, and, further, that there is almost always a lapse of lime pending the petition, which
 
 *196
 
 will make up a full year from the injury doue, before the jury is called to the premises t,o make their assessment. When the suit is brought within the year, the damages are necessarily to be limited to the time the nuisance has existed; and therefore the jury should find the time, and confino the damages to it; so that the judgment may be for the actual injury, which it is always the object of the law to redress.
 

 Per Curiam. Judgment reversed and
 
 venire dc novo,